# BALTIMORE CITY COURT

Filed December 19, 1903.

## CHARLES G. WARNER
## VS.
## GEORGE WARFIELD, SHERIFF.

*William C. Conwell* and *William M. White* for plaintiff.

*Frank Gosnell, James P. Gorter* and *W. F. Porter* for defendant.

HARLAN, J.—

The plea interposed in this case is, of course, bad, because it sets up matter of law only as a defense, which should properly be raised by a demurrer to the declaration, but the demurrer to the plea mounts up to the first error in pleading and makes it necessary for the Court to consider the sufficiency of the declaration. A demurrer was heretofore interposed to the declaration and overruled, but the question now raised was not brought to the attention of the Court or considered when that ruling was made; and I shall accordingly re-examine the declaration.

This suit is brought by the plaintiff, as informer, to recover from the Sheriff one-half of the fines collected by the Sheriff for violations of Sections 88, 89, 90 and 91 of Article 27 of the Code, commonly known as the "Oleomargarine Laws," to which he claims to be entitled under Section 2 of Article 38 of the Code, which reads as follows:

"All fines, penalties and forfeitures, when recovered, shall be paid to the county or city where the same may be imposed, unless directed to be paid otherwise by the law imposing them; but if there be an informer, he shall have half, unless otherwise provided;

this section not to apply to fines and forfeitures for offences at common law."

The oleomargarine laws above referred to make no provision for an informer and for his receiving any part of the fines that may be imposed. The oleomargarine law of 1886, Chapter 455, did provide for an informer and that he should have half of the fine imposed in any case; but when the law was re-enacted in 1888, all provision for an informer was omitted, and this was no doubt designedly done, because experience demonstrates that the testimony of informers, who are to share in the fine to, be recovered, is not received with great credit by juries. An examination of *all* the statutes imposing fines will show that in comparatively few cases are informers provided for, and in the great majority of cases they are not. A clear legislative intent is apparent to provide for informers in exceptional cases only. I cannot, therefore, bring myself to conclude that by the insertion in Section 2, of Article 38, above quoted, the clause, "but if there be an informer, he shall have half unless otherwise provided," the legislature meant to extend the law so as to have informers interested in the penalty to call cases whatsoever where fines or penalties are provided by statutes or ordinances for offenses other than offenses at common law.

"Statutes should be construed with a view to original intent and meaning of the makers, and such construction should be put upon them as best to answer that intention which may be collected from the cause or necessity of making the Act, or from foreign circumstances; and when discovered, ought to be followed, although such construction may seem to be contrary to the letter of the statute."

Hooper vs. Creager, 84 Md., 248.

The clause quoted from—Section 2 of Article 38—in my judgment, means, that if there be an informer provided by law, he shall have half, unless some other proposition is named for him, as is done in several instances in the statutes.

As no provision was made by the oleomargarine statutes for an informer, the plaintiff here can recover nothing, and the demurrer will be sustained as to the narr., and the same held insufficient in law.